IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| AARON JULIAN, | CV 25-16-GF-DLC |
| Plaintiff, | |
| vs. | ORDER |
| DEMETRIC GODFREY, | |
| Defendant. | |

Defendant filed a motion for summary judgment and supporting documents. (Docs. 19 – 23.) Plaintiff Aaron Julian has not responded. The motion is granted.

## I.    BACKGROUND

At the time of filing the Complaint, Plaintiff Julian was an inmate at Crossroads Correctional Center, Shelby, Montana. In brief, Julian's Complaint relates to his attempt to order a coloring book that included images of tattoos. (Doc. 2 at 7.) He was told he could not receive the book, because books related to tattooing were not allowed. Julian construed this as a violation of his First Amendment rights. The sole defendant is Demetric Godfrey, warden of Crossroads. (Doc. 2 at 4.) Julian seeks $1.5 million and an injunction against the tattoo policy. (Doc. 2 at 8.)

Defendant filed his motion for summary judgment and supporting documents on January 27, 2026. Julian failed to respond. Julian was advised that

1

his failure to respond could be construed as a concession on the merits of Defendant's motion, and he was given more time to file his response. (Doc. 24.) Julian has failed to respond.

## II.    ANALYSIS

### A. Standard for Summary Judgment

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputed facts that do not change the Court's analysis under the law may be disregarded.

Once the moving party has satisfied its burden, the non-moving party must go beyond the pleadings and designate by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Id.* at 324. In deciding a motion for summary judgment, the

2

Court views the evidence in the light most favorable to the nonmoving party and draws all justifiable inferences in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

**B. Discussion**

Plaintiff did not respond to Defendant's motion, despite being advised that his failure to do so could be construed as a concession. It is not the Court's task "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). Julian, even though self-represented, has the obligation to lay out the support for his position as clearly as he can. *Carmen v. S.F. Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). The Court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." *Id*. Therefore, the facts will be deemed established by Defendant's Statement of Undisputed Facts. (Doc. 22.) As a result, the sole remaining question for the Court is whether Defendant is entitled to judgment as a matter of law.

In his brief, Godfrey asserts that the policy forbidding tattoo images did not violate Julian's First Amendment rights. (Doc. 20 at 6.) Godfrey construes the First Amendment right at issue as the right to receive mail. (Doc. 20 at 7.) But it is more

aptly considered a right to obtain certain reading material, since freedom of speech implies freedom to read. *Stanley v. Georgia,* 394 U.S. 557, 565 (1969). Godfrey cites district court cases from other districts that involve the same issue of barring tattoo design books. (Doc. 20 at 7 – 8.) In either construction of Julian's claims, the proper test is found in *Turner v. Safley*.

A regulation that burdens the First Amendment right to free speech may be upheld only if it is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). This determination requires analysis of four prongs: (1) whether there is a valid, rational connection between the regulation and the legitimate governmental interest; (2) whether there are alternative means of exercising the right that remain open to prisoners; (3) the impact accommodation of the right will have on guards and other prisoners, and on the allocation of prison resources; and (4) the absence of ready alternatives. *Id.* at 90. The question here is whether the policy that forbade tattoo images in books violated the *Turner* test.

The first *Turner* factor is the most important. *Jones v. Slade*, 23 F. 4th 1124, 1135 (9th Cir. 2022). To evaluate whether a valid, rational connection exists, the Court must determine "'whether the governmental objective underlying the policy is (1) legitimate, (2) neutral, and (3) whether the policy is rationally related to that objective." *Id*. (*quoting Mauro v. Arpaio*, 188 F. 3d 1054, 1058 (9th Cir. 1999) (en banc).) The challenged policy "cannot be sustained where the logical connection

between the regulation and the asserted goal is so removed as to render the policy arbitrary or irrational." *Turner*, 482 U.S. at 89.

The Court "must apply a deferential standard of review to challenges regarding prison regulations." *Mauro*, 188 F. 3d at 1058. "Prison officials need merely put forward a legitimate government interest and provide some evidence that the interest put forward is the actual reason for the regulation. *Casey v. Lewis*, 4 F. 3d 1516m 1520-21 (9th Cir. 1993) (internal citations omitted).

Defendant's analysis of this factor starts at the prison's ban on tattooing, tattooing tools and materials, and tattooing stencils. (Doc. 20 at 8.) Tattooing is banned for several reasons, including health reasons, disease control, and prevention of gang codes and symbols. *Id.* Defendant's evidence as to the validity of these concerns is undisputed. (Doc. 22 at 3 – 4.) The restriction on the book, which could be used in tattooing, has a valid, rational connection to the ban on tattooing in the prison.

The relevant inquiry under the second *Turner* factor is whether Julian has alternative means to exercise his right, in this case, presumably, to enjoy his interest in tattoos and tattoo art. Defendant states that inmates are permitted to receive books and magazines related to tattooing generally; the particular book sought by Julian is amenable to being used to create stencils for inking tattoos themselves is what made it subject to ban. (Docs. 20 at 99; 22 at 4.) Julian may

obtain other resources to satisfy his interest in tattoos without having the ability to violate the policy against creating tattoos.

The third factor asks what kind of effect the accommodation of the particular speech will have on prison guards and other inmates. As Defendant puts it, unfettered access to tattooing materials would create the health and safety risks above, the impact of which falls directly on prison guards and resources, and other inmates.

Similarly, the final *Turner* factor also leans in Defendant's favor. The Supreme Court has reaffirmed the premise that even when claims are made under the First Amendment, courts should refrain from "substituting our judgment on …difficult and sensitive matters of institutional administrations, for the determinations of those charged with the formidable task of running a prison." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 353 (1987) (internal citations omitted). Defendant's policy appears to walk a fine line by allowing some tattoo content as a matter of interest while minimizing the risk that the interest will turn into a health, safety, or security hazard. The policy barring the books that could be used as tattoos stencils is not an exaggerated response to these legitimate concerns.

## II.   CONCLUSION

Plaintiff Julian has failed to demonstrate that there is a genuine issue of material fact that prevents summary judgment in favor of Defendant Godfrey. Godfrey's

motion is granted.

Accordingly, it is HEREBY ORDERED:

1. Defendant Godfrey's motion for summary judgment is **GRANTED**. (Doc. 19.) The Clerk of Court is directed to enter judgment pursuant to Fed. R. Civ. P. 58.

2. The Court certifies that appeal would not be taken in good faith.

DATED this 31st day of March, 2026.

Dana L. Christensen, District Judge
United States District Court

7